UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERTA J. PARRY,

           Plaintiff,

v.

VA MEDICAL CENTER,

           Defendant.
_____

DECISION AND ORDER

19-CV-6252L

   Plaintiff Roberta J. Parry, appearing *pro se*, commenced this action by filing an Application to File Small Claim in the Bath Village Court, Bath, New York, on or about February 15, 2019. (Dkt. #1 at 5.) She named as the defendant "VA Medical Center" in Bath. Plaintiff sought $2900 in damages arising out of alleged "medical negligence" on the part of the VA Medical Center's optometry clinic. *Id.*

   Defendant removed the action to this Court on April 4, 2019, on the ground that the VA Medical Center is a component of the United States Department of Veterans Affairs ("VA"), an agency of the United States. Section 2679 of Title 28 provides that civil actions against federal agencies, or against federal employees arising out of acts taken within the scope of their employment, are deemed to be actions against the United States. Such actions fall within the jurisdiction of the federal courts and are therefore removable to federal court.[1]

---

[1] Pursuant to 28 U.S.C. § 2679(d), the United States Attorney submitted a certification that the VA Medical Center is an agency of the United States government, and that plaintiff's allegations of negligence by medical personnel are made against individuals who were acting in their capacity as federal employees at the time of the events alleged in the complaint. (Dkt. #1 at 10.)

Defendant has now moved to substitute the United States of America as the proper defendant in this case, and to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion.

**DISCUSSION**

By order of this Court entered on April 17, 2019 (Dkt. #5), plaintiff was given until May 17 to respond to defendant's motion. As stated, she has not done so, nor has she communicated with this Court since the action was removed here.

At the same time, a plaintiff's failure to respond to a motion to dismiss does not in itself relieve the Court of its obligation to consider the merits of plaintiff's claims. *See Crenshaw v. Dondrea*, 278 F.Supp.3d 667, 669 (W.D.N.Y. 2017). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). The Court must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). The Court will therefore address defendant's motion on the merits.

First, defendant is correct that the United States should be substituted as the defendant. Pursuant to 28 U.S.C. § 2679, plaintiff's claims, which arise out of alleged acts or omissions by staff at the VA Medical Center, are governed by the Federal Tort Claims Act ("FTCA"), and the

only proper defendant in such an action is the United States itself. *See* 28 U.S.C. §§ 2674, 2679; *Walia v. Holder*, 59 F.Supp.3d 492, 511 (E.D.N.Y. 2014).

Defendant is also correct that the action must be dismissed for lack of subject matter jurisdiction. "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Specifically, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Absent such administrative exhaustion, a judicial action must be dismissed for lack of subject matter jurisdiction. *See*, *e.g.*, *Treasure v. United States*, No. 17-CV-971, 2019 WL 1243877 (E.D.N.Y. Mar. 18, 2019).

In support of its motion to dismiss, defendant has submitted an affidavit of an employee of the VA who states that he has searched the records maintained by the VA's Office of the General Counsel, and found no administrative tort claim filed by plaintiff. Michael Bartley Aff. (Dkt. #4-2 at 2). Since plaintiff has not responded to the motion to dismiss, that statement stands unrebutted.[2] From the record before me, it appears that plaintiff simply filed a small claims complaint against an agency of the United States government. As explained above, that is insufficient. Accordingly, this action must be dismissed for lack of subject matter jurisdiction.

---

[2] "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

3

**CONCLUSION**

Defendant's motion (Dkt. #4) to substitute a party and to dismiss the complaint for lack of subject matter jurisdiction is granted. The Clerk of the Court is hereby ordered to substitute the United States of America as defendant, in place of the named defendant VA Medical Center, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 4, 2019.